**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| WAYNE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17CV9 HEA |
| | ) | |
| TOMAS CABRERA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**OPINION, MEMORANDUM AND ORDER**</u>

This matter is before the Court on review of plaintiff's complaint under 28 U.S.C. § 1915(e). Upon review, the Court finds that some of the defendants must be dismissed for failure to state a claim upon which relief can be granted.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true.  Furthermore, the Court liberally construes the allegations.

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for denial of medical care.  Before he was incarcerated, plaintiff was shot in the face by a deputy sheriff for Jasper County.  The wound primarily affected his jaw, and he underwent facial reconstructive surgery.  The surgeon mounted an "ephemeral steel plate" in his left mandible.  Subsequently, another surgeon told plaintiff he would need a bone graft to replace the plate because of a one-inch gap in the mandible, which was caused by missing bone from the gunshot wound.

Plaintiff was convicted in 2011, and he was subsequently incarcerated at the Crossroads Correctional Center.  While there, he filed numerous requests for medical care because the non-union of the steel plate with his mandible was causing severe pain.  The medical staff there refused to treat him.  And his caseworker told him that the Missouri Department of Corrections and Corizon, Inc. ("Corizon"), were not required to treat any injuries he suffered pre-incarceration.

Plaintiff was transferred to the Northeastern Correctional Center in March 13, 2013.  Upon his arrival, he requested surgery for the non-union and his pain.  Defendant Dr. Cabrera refused to provide him with any treatment.  As a result, his left mandible re-fractured in September 2014.

Dr. Cabrera then ordered an X-ray of his left mandible.  He did not, however, prescribe pain medication.  The X-ray showed that the plate holding his mandible together had become disconnected.  It was reiterated to plaintiff that Corizon was not responsible for treating pre-incarceration injuries and that the needed surgery was too expensive.

Plaintiff saw a specialist in February 2015, who said plaintiff needed an emergency surgery to place a bone graft in his jaw.  No surgery was performed.  Plaintiff was sent to see Defendant Ernest Jackson, a dentist for defendant Jackson Institutional Dental Services, about a month later.  Jackson ordered more X-rays, regardless of the fact that more than five X-rays had already been taken, including a "panorex full 3-D x-ray procedure in January 2015 . . ."  Jackson had plaintiff's previous X-rays before the appointment.

In August 2015, Corizon approved the recommended surgery, during which, a skin graft was placed inside his mouth.  After the surgery, plaintiff suffered severe nerve damage, loss of bone and muscle, and infections in his jaw.

Plaintiff informed Dr. Cabrera and Jackson that the skin graft was not healing, and as a result, he was suffering severe pain and could not eat or sleep.  Cabrera gave him an antibiotic that did not cure the infection.

Plaintiff wrote letters to Defendants Tammy Anderson, William Jones, and James Hurley, which went unanswered.

**Discussion**

The Court finds that plaintiff has alleged facts showing that defendants Dr. Cabrera and Jackson were deliberately indifferent to his serious medical needs.  Additionally, plaintiff has sufficiently alleged facts showing that a policy or custom of Corizon led to his injuries.  As a result, these defendants must answer the allegations.

Plaintiff has failed to show that defendant Jackson Institutional Dental Services had a policy or custom that violated his rights.  *See Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993).  Therefore, this defendant is dismissed.

3

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").  Plaintiff's claim that he wrote letters to the remaining defendants fails to show their personal involvement. As a result, defendants Anderson, Jones, Jarrett, and Hurley are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendants Tomas Cabrera, Corizon, Inc., and Ernest Jackson.  Defendants Cabrera and Corizon should be served in accordance with the Court's agreement with Corizon.

**IT IS FURTHER ORDERED** that defendants Tammy Anderson, Jackson Institutional Dental Services, Robert Jarrett, William Jones, and James Hurley are **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 4th day of April, 2017

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE