UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

WAYNE STEWART,                    )
                                  )
    Plaintiff,            )
                                  )
v.                                )        CASE NO. 2:17CV9 HEA
                                  )
TOMAS CABRERA, et al.,            )
                                  )
    Defendant,            )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Count VIII of Plaintiff's First Amended Complaint [Doc. No. 64]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

### Facts and Background

Count VIII of Plaintiff's First Amended Complaint alleges the following: Plaintiff is incarcerated in the Missouri Department of Correction (MDOC) thus is solely under the MDOC care. The MDOC contracted with Corizon LLC to provide medical and dental care to all inmates, including Plaintiff.

Defendant Corizon LLC is a licensed care provider in the State of Missouri and as such subcontracts with specialist to perform necessary oral surgeries on inmates, specifically Plaintiff, and to contract· for use of hospital facilities for surgical procedures, specifically University of Missouri (UMHC).

Defendant Corizon's policy and custom is to delay paying their medical subcontractor's, Doctor Specialist and Hospitals in order to negotiate a lesser fee for services provided, for the bulk of Offender's procedures, including Plaintiff's oral surgeries. Defendant Corizon LLC committed contractual fraud by accepting payment from the MDOC to provide medical care to Plaintiff, yet refusing to pay Doctor Specialist who provided medical care to Plaintiff, nor paying the UMHC facilities for use of their facilities for care provided to Plaintiff. This caused Plaintiff to be denied his approved oral surgery with Dr. Jorgensen at the UMHC facility.

The Policies and customs and official actions of the Defendant Corizon LLC resulted in violations of Plaintiff5 s rights under the Eighth Amendment to the United States Constitution. The Policies and customs and official actions of the Defendant Corizon caused or contributed to cause injuries and damages.

Plaintiff seeks remedies for the injuries and damages caused by the alleged constitutional violations pursuant to 42 U.S.C. § 1983. Plaintiff claims the conduct, acts and omissions of Defendant Corizon were maliciously, recklessly indifferent to Plaintiff's serious medical and dental needs thereby justify the imposition of punitive damages.

Defendant move to dismiss Court VIII for failure to state a claim.

**Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint is plausible if its "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678). A court must "'draw on its judicial experience and common sense,'" and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group,* 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679).

A *pro se* litigant is obligated to comply with relevant procedural and substantive law. *Faretta v. California*, 422 U.S. 806, 834. While it is true that *pro se* pleadings are to be construed liberally, a *pro se* plaintiff "still must allege sufficient facts to support the claim advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## Discussion

Plaintiff alleges that Corizon's policy of delaying payments to outside specialty medical providers resulted in a violation of his constitutional rights. Specifically, Plaintiff claims that he was denied an approved oral surgery with Dr.

Jorgenson because of the policy of delaying payment to the providers in order to negotiate a lower fee.

"Liability for an unconstitutional custom or usage, however, cannot arise from a single act." *McGautha v. Jackson County, MO, Collections Dept.*, 36 F.3d 53, 57 (8th Cir. 1994). *See also Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999) (*citing Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)) ("A single incident normally does not suffice to prove the existence of a municipal custom.").

Specifically, to establish liability through an unofficial custom, a plaintiff must demonstrate:

> the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir.), *cert. denied*, —— U.S. ——, 138 S.Ct. 222, 199 L.Ed.2d 121 (2017) (internal quotation and citation omitted); *see also Harmon v. St. Louis Cty.*, No. 4:08CV226, 2009 WL 880024, at *7 (E.D. Mo. Mar. 30, 2009).

Plaintiff's First Amended Complaint fails to sufficiently allege a valid cause of action. Plaintiff contends that through Defendant's the breach of contract with the medical specialty providers, a resulting violation of his rights occurred.

Defendant argues that it appears Plaintiff is attempting to bring a breach of contract action; Plaintiff's terminology: "the breach" resulting in the "proximate cause of" his suffering and delay in his treatment, gives rise to a breach of contract claim. As Defendant correctly argues, because Plaintiff is neither a party to, nor a third party beneficiary of, the contract between Defendant and the specialists, he has no standing to bring a breach of contract claim.

With regard to Plaintiff's claim that he is not bringing a breach of contract claim *per* se but rather the breach establishes a claim that Defendant was deliberately indifferent to his medical needs by keeping him from treatment, Plaintiff's single incident of a practice of keeping him from treatment is insufficient to state a claim of an unconstitutional policy or custom. *Thurmond v. Elkins*, No. 4:17CV00314-JM-JTK, 2018 WL 1631056, at *3 (E.D. Ark. Mar. 22, 2018), report and recommendation adopted, No. 4:17CV00314 JM, 2018 WL 1629867 (E.D. Ark. Apr. 4, 2018).

## Conclusion

Based upon the foregoing, Defendant's Motion to Dismiss Count VIII is well taken and will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count VIII of the First Amended Complaint is granted.

Dated this 2nd day of November, 2018.


                                        _____

                                           HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE